# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ESGAR RUIZFERNANDEZ**
**United States Army, Appellant**

ARMY 20140358

Headquarters, Fort Stewart
John T. Rothwell, Military Judge
Colonel Francisco A. Vila, Staff Judge Advocate (pretrial & recommendation)
Lieutenant Colonel Peter R. Hayden, Acting Staff Judge Advocate
(addendum & supplemental addendum)

For Appellant:  Major Amy E. Nieman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Major Daniel D. Derner, JA (on brief).

24 November 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of one specification of absence without leave for more than 30 days and terminated by apprehension, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, to be confined for 60 days, and to be reduced to the grade of E-1.  The convening authority (CA) approved the adjudged sentence and granted 19 days of confinement credit.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant submitted a merits pleading to this court, and personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  One of the issues appellant personally raised, the CA's failure to take action on appellant's request for deferment of automatic forfeitures, merits discussion and relief in the form of a new

recommendation and action. None of the remaining matters personally raised by appellant warrant discussion or relief.

## FACTS

As part of the post-trial process, appellant's trial defense counsel, Captain M, submitted a timely request for deferment and waiver of automatic forfeitures on appellant's behalf. The Acting Staff Judge Advocate recommended the CA disapprove the request for deferment but approve the request for waiver. The CA approved the waiver request for a one-month period, but failed to take action in regards to the deferment request. The Staff Judge Advocate (SJA), in his post-trial recommendation, noted that the CA had approved a one-month waiver of forfeitures, but had "not take[n] action on [appellant's] request for deferment of automatic forfeitures."

The acting SJA, in his addendum to the recommendation, failed to identify this issue. In his initial action, the CA failed to act on appellant's deferment request and also failed to note his earlier approval of the waiver request. The acting SJA, in a supplemental addendum to the recommendation, recommended the new CA withdraw the "initial Action" and substitute an action that noted the prior CA's decision to waive forfeitures. Nonetheless, no mention is made of appellant's deferment request in this supplemental addendum. The new CA's subsequent action was apparently created to address the omitted reference to the approved waiver, but the record still lacks CA action in regards to appellant's deferment request.

## DISCUSSION

Rule for Courts-Martial [hereinafter R.C.M.] 1101(c)(3) states in pertinent part:

> Action on deferment request. The authority acting on a
> deferment request may, in that authority's discretion,
> defer service of a sentence to confinement, forfeitures,
> or reduction in grade. . . . . The decision of the authority
> acting on the deferment request shall be subject to judicial
> review only for abuse of discretion. The action of the
> authority acting on the deferment request shall be in
> writing and a copy shall be provided to the accused.

In this case, the CA inexplicably failed to take action on appellant's deferment request. The CA failed to take action although the Acting SJA presented the CA with a recommendation in response to the deferment request and an action to effectuate the CA's decision was presented to the CA. The CA's failure to act is

2

captured not only on the incomplete deferment action, but also on the SJA recommendation.

Pursuant to R.C.M. 1101(c)(3), while the decision to grant or deny appellant's deferment request is clearly within the discretion of the CA, we find the CA abused his discretion by declining to take action on appellant's request.

## CONCLUSION

The CA's action, dated 9 September 2014, is set aside. The record of trial is returned to The Judge Advocate General for a new SJA recommendation and a new action by the same or a different convening authority in accordance with Article 60, UCMJ. This remedy will afford appellant an additional opportunity for the CA to act on his request for deferment of automatic forfeitures.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court